**Joseph HART**

v.

**JOHN J. NISSEN BAKING CO.**

**and**

**Liberty Mutual Insurance Co.**

Supreme Judicial Court of Maine.

Argued Jan. 11, 1989.

Decided March 16, 1989.

William E. Furber (orally), Hayden & Furber, Brunswick, for employee.

Eve H. Cimmet, Robert J. Piampiano (orally), Richardson & Troubh, Portland, for employer.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

### MEMORANDUM OF DECISION.

We affirm the judgment of the Appellate Division of the Workers' Compensation Commission reversing the Commissioner's award of benefits for a heart attack. The employee's heart condition arose from his underlying condition of arteriosclerosis, a condition that was not related to his employment, although the actual attack may have been precipitated by activity associated with his work. We have established in previous decisions the standard for "cases involving aggravation or 'lighting up' of a pre-existing condition of disease," *Wescott v. S.D. Warren,* 447 A.2d 78, 80 (Me.1982). *See also Bryant v. Masters Machine Co.,* 444 A.2d 329, 337 (Me.1982). To be awarded compensation, the employee must show that his work generated a risk "substantially in excess of that to which people not so employed are exposed on a normal, non-employment day." *Wescott,* 447 A.2d at 80. The Commissioner did not find and the evidence could not support a finding that the work activity here met the standard of *Bryant* reiterated in *Wescott.* Thus, it cannot be said that the injury arose out of Hart's employment. 39 M.R.S.A. § 51 (Supp.1988).

The entry is: Judgment affirmed.

All concurring.